■ SHERRI GRUNSTEIN, Respondent, v MEYER GRUNSTEIN, Appellant. [630 NYS2d 766] —In an action for divorce and ancillary relief, the husband appeals from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated September 9,

1993, as granted that branch of the wife's motion which was to direct him and an escrow agent to pay to her the sum of $4,000 which had been held in escrow.

Ordered that the order is reversed insofar as appealed from, on the facts, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on that branch of the wife's motion which was to direct the husband and an escrow agent to pay to her the sum of $4,000.

On June 15, 1993, the parties entered into a stipulation on the open record which in pertinent part provided as follows: "All bills of and incurred by the Wife, which in total debts exceed $100,000, will be paid by her and all bills of and incurred by the Husband, if any, will be paid by him. Each will hold the other harmless with respect to same". On August 18, 1993, the parties appeared for a title closing involving the transfer of the marital residence. At that proceeding, the husband claimed that he was entitled to a credit in the amount of $4,000 against the $117,500 he was obligated to pay under the terms of the agreement in view of the fact that two charges totalling approximately $4,000 which appeared on his recent credit card statement had in fact been incurred by the wife, who previously had the use of his credit card. The wife agreed at that time to have $4,000 placed in escrow with the husband's attorney pending the resolution of the husband's claim. Thereafter, she moved, *inter alia,* to direct the husband and his attorney to return the money which had been placed in escrow. This branch of her motion was granted.

We conclude that under these circumstances where it appears undisputed that the wife had the use of the husband's credit card, the mere fact that the charges appeared on the card does not compel a finding that they were in fact incurred by the husband. Rather, for the purposes of determining the parties' respective obligations pursuant to the above-cited debt provision of the stipulation, it is necessary to establish which party actually benefited by the expenditures which resulted in the charges. In view of the differing accounts set forth by the parties in their papers as to the circumstances which gave rise to the charges, we conclude that the Supreme Court erred in directing that the money be turned over to the wife in the absence of a hearing and therefore remit the matter for this purpose. Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.